AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Ohio

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| ELIAS WEST | ) | |
| | ) | |
| | ) | |
| _Defendant(s)_ | | |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____01/05/2024 to 02/22/2024_____ in the county of _____Montgomery_____ in the _____Southern_____ District of _____Ohio_____ , the defendant(s) violated:

| _Code Section_ | _Offense Description_ |
|---|---|
| 21 USC §§ 846 and 841(a)(1) and (b)(1)(B)(viii) | Conspiracy to possess with intent to distribute a controlled substances - namely, 50 grams or more of a mixture or substance containing a detectable abmount of methamphetamine, its salts, isomers, and salts of its isomers (a schedule II substance). |
| 21 USC § 843(b) | Use of a Communication Facility in Causing or Facilitating the Commission of Felonies Under the Controlled Substance Act. |
| 18 USC §§ 922(g)(1) and 924(a)(8) | Felon in Possession of a Firearm. |

This criminal complaint is based on these facts:

### SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

CONNOR PALMATEER
Digitally signed by
CONNOR PALMATEER
Date: 2026.05.22
13:52:59 -04'00'

_Complainant's signature_

CONNOR W. PALMATEER, SA DEA
_Printed name and title_

Sworn to before me and signed in my presence via telephone.

Date: 5/22/26

City and state: _____DAYTON, OHIO_____

_Judge's signature_

Peter B. Silvain, Jr., U.S. MAGISTRATE JUDGE
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF APPLICATION

I, Connor W. Palmateer, hereby duly sworn, declare and state:

## INTRODUCTION

1.      I am a Special Agent ("SA") of the Drug Enforcement Administration ("DEA"), assigned to the Dayton Resident Office. I therefore am an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 21 U.S.C. § 878. Moreover, I am an "investigative law enforcement officer" within the meaning of 18 U.S.C. § 2510. The information contained in this Affidavit is either personally known by me or relayed to me by other law enforcement officers involved in this investigation.

2.      I attended a 17-week Basic Training Academy at the DEA Training Academy in Quantico, Virginia. I attended multiple trainings at the DEA Training Academy, including but not limited to, narcotics identification, surveillance techniques, methods of operation of narcotics traffickers, evidence handling, undercover operations, current trends/patterns involving the distribution of narcotics, as well as other areas of drug enforcement. Through training and experience, and the experience of other agents involved in this investigation, I am familiar with the manner in which people involved in the illicit distribution of controlled substances often operate. These people usually attempt to conceal their identities, as well as the locations at which they reside, where they store controlled substances, and where they store the illegal proceeds derived therefrom. Through training and experience and the experience of other agents involved, I am familiar with the practices of narcotics distributors, whereby they attempt to conceal the true nature, source, and location of proceeds of illegal activity, commonly referred to as money laundering. I am also familiar with the practices of drug traffickers in the use of motor vehicles to transport illegal drugs. I know that these drug traffickers commonly transport illegal drugs in their

1

motor vehicles and conduct drug deals in their motor vehicles.  Furthermore, I have experience identifying controlled substances based on their evolving forms and appearance and the various ways illegal drugs are packaged and transported through United States shipping companies and United States mail systems.

3.  I have participated in narcotics investigations during the course of which I have conducted physical and wire surveillance, executed search warrants, and reviewed and analyzed recorded conversations and records of drug traffickers.  Through my training, education, and experience (including debriefing cooperating drug traffickers, monitoring wiretapped conversations of drug traffickers, and conducting surveillance on numerous occasions of individuals engaged in drug trafficking), I have become familiar with the manner in which illegal drugs are imported and distributed, the method of payment for such drugs, the various ways drug money is laundered, and the efforts of persons involved in such activities to avoid detection by law enforcement.

4.  By virtue of my training and experience, and through conversations with and review of reports from other experienced agents and officers who conduct drug investigations, I have become familiar with the methods used by drug traffickers to import, transport, collect, store, safeguard, remit, and/or launder drug proceeds; the methods used by drug traffickers to obtain and utilize multiple telephones, pagers, computers, and other devices in order to communicate with each other; and the jargon and/or codes commonly used when drug traffickers refer to drugs and/or drug proceeds.

5.  Through training and participation in investigations, I have become familiar with the manner in which drug traffickers conduct their illegal business and the methods, language, and terms that are used to disguise conversations about drug trafficking.  From experience and

2

training, I have learned, among other things, that drug traffickers rarely refer to fentanyl, heroin, methamphetamine, or other illegal drugs by name; instead, to conceal the true nature of their illegal activities and to thwart detection by law enforcement, they refer to the drugs and drug quantities using seemingly innocent terms.

## PURPOSE OF AFFIDAVIT

6.     I make this affidavit in support of a criminal complaint and arrest warrant for Elias WEST for Conspiracy to Possess with Intent to Distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a schedule II substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B)(viii); Use of a Communication Facility in Causing or Facilitating the Commission of Felonies Under the Controlled Substances Act, in violation of 21 U.S.C. § 843(b); and Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

## PROBABLE CAUSE

7.     In December 2023, a court authorized search warrant for a Title III wire and electronic interception of Erika GARCIA's cellular telephone was authorized by the Honorable Judge Walter H. Rice, United States District Court for the Southern District of Ohio[1]. Investigators began receiving and monitoring electronic and wire communications for GARCIA's telephone on December 28, 2023. During the monitoring period of this device, investigators intercepted multiple wire communications between GARCIA and WEST.

8.     According to law enforcement databases, WEST has a criminal history in the State of Ohio that include, but is not limited to, convictions for Aggravated Assault, Burglary, Assault,

---

[1] See Southern District of Ohio court case number 3:23-mc-012.

3

Disorderly Conduct, Robbery, Aggravated Menacing, Aggravated Robbery and Unauthorized Use of Property. Furthermore, on March 1, 2005, WEST was sentenced in Miami County, Ohio Court of Common Pleas Case No. 05CR64 to a imprisonment for a term of seven years for robbery. This is a crime punishable by imprisonment for a term exceeding one year. As such, WEST is prohibited from possessing firearms.

9.      On January 5, 2024, at approximately 4:50 P.M., the Dayton Resident Office (RO) intercepted a wire communication between GARCIA, utilizing the target telephone, and 937-830-8266 (PN8266). I previously have subpoenaed this telephone number, which revealed no subscriber name was listed. A query of CashApp revealed the user of the telephone number as "Elias West" with the username of "$sosolow5150". The picture associated with the CashApp account is a male with significant facial tattoos.

10.      During the wire communication, reference session number 15015, WEST utilized coded speech to order what investigators believe to be nine (9) ounces of methamphetamine. WEST and GARCIA bartered on a price of $1,000.00 dollars for the purported methamphetamine.

11.      On the same date at approximately 6:36 P.M., another wire communication between GARCIA and 937-830-8266 was intercepted by the Dayton RO, reference session number 15045. During the call, GARCIA instructs the user of 937-830-8266 to come outside.

12.      At approximately 6:39 P.M., investigators were conducting surveillance of GARCIA. Investigators observed GARCIA's personal vehicle turn into Tangy Court, from North Dixie Drive, and park in front of 2712 Tangy Court, Dayton, Ohio. Investigators observed GARCIA's vehicle parked in the area for a short duration of time, then pull away. Investigators observed a bald male with a slight slouch walking away from the area of the vehicle, and into 2712 Tangy Court.

4

13. A query of law enforcement databases revealed Elias WEST resides at 2712 Tangy Court, Apartment 6, Dayton, Ohio. The Ohio Bureau of Motor Vehicles (OBMV) picture for WEST matches the picture in CashApp for the telephone number GARCIA contacted when making the deal at Tangy Court.

14. The Dayton RO has intercepted numerous communications between GARCIA's target telephone and WEST. During these communications, investigators have identified similar coded language utilized and believe these conversations are regarding drug trafficking.

15. For example, on February 4, 2024, the Dayton RO intercepted a wire communication between WEST and GARCIA, reference session number 16394. During the conversation, WEST utilizes coded language to order what investigators believe to be nine (9) ounces of methamphetamine.

16. A review of electronic surveillance data revealed that shortly after this intercepted communication, GARCIA's rental vehicle went to 2712 Tangy Court for a short duration. Investigators believe GARCIA or CAMPBELL utilized the vehicle to conduct the drug deal WEST and GARCIA spoke about during the intercepted communication.

17. On February 16, 2024, I petitioned the court and received a federal search warrant for 2712 Tangy Court[2].

18. On February 22, 2024, investigators conducted a search warrant at 2712 Tangy Court. During the search warrant, investigators located WEST and detained him for the duration of the search warrant.

19. During the search of the residence, investigators located multiple items of interest,

---

[2] See Southern District of Ohio court case number 3:24-mj-109.

to include:

- Exhibit N-34: FIE Miami FLA Mod handgun with serial number EB41211

- Exhibit N-34a: One (1) .380 auto round, loaded inside the chamber of N-34

- Exhibit N-39: One (1) plastic bag, further containing fourteen (14) .380 auto rounds

- Exhibit 43: Two (2) plastic bags, further containing a white crystalline substance.

Investigators later sent Exhibit 43 to the DEA North Central Laboratory, which conducted testing which yielded a positive result for methamphetamine in the amount of 7.10 grams.

20.     Investigators notified WEST of his Miranda Warnings while at the residence and conducted an interview of WEST. During the interview, WEST stated he had been purchasing several ounces of methamphetamine from GARCIA for the past 3-6 months. Furthermore, investigators played the audio from session 15015 to WEST, who confirmed he purchased approximately nine (9) ounces of methamphetamine from GARCIA for approximately $1,100.00.

21.     I spoke with ATF Special Agent Chris Reed who confirmed the FIE Miami FLA Mod handgun with serial number EB41211 was not manufactured in the State of Ohio. As such, the firearm was shipped or transported in interstate commerce.

22.     Based on the foregoing, I respectfully request that the Court issue an arrest warrant for WEST because he has violated the following offenses: Conspiracy to Possess with Intent to Distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a schedule II substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B)(viii); Use of a Communication Facility in Causing or Facilitating the Commission of Felonies Under the Controlled Substances Act, in violation of 21 U.S.C. § 843(b); and Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

6

**CONNOR PALMATEER** Digitally signed by CONNOR PALMATEER
Date: 2026.05.22 13:53:57 -04'00'

Connor W. Palmateer
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me,

this 22nd day of May 2026.

UNITED STATES MAGISTRATE JUDGE

7