UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | Case No. **3:26-cr-68** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PROTECTIVE ORDER** |
| | | |
| **ELIAS WEST**, | | |
| Defendant. | | |

Pursuant to Federal Rule of Criminal Procedure 16(d)(1), the Court hereby grants the Motion of the United States for entry of a Protective Order, governing the manner in which defendant **ELIAS WEST** and his counsel may handle certain materials – namely (1) Wiretap Materials to include all wire and electronic communication records and transcripts obtained pursuant to a Title III Wire and Electronic Communication Order as well as all court filings associated with the Order, (collectively, "the Materials")[1] – as follows:

1.      Defense counsel and **ELIAS WEST** will not disclose any information contained in the Materials directly or indirectly to any third person, except:  attorneys, investigators and consultants who are assisting in **ELIAS WEST**'s defense; United States citizens who the defense interviews as potential witnesses; and potential expert witnesses ("Authorized Individuals").  Upon disclosing said information contained in the Materials to any Authorized Individual, defense counsel and **ELIAS WEST** must provide that Authorized Individual with a copy of the Court's Protective Order and advise that Authorized Individual that he or she will be subject to the same obligations that are imposed upon defense counsel and **ELIAS WEST**, by this Protective Order.

---

[1] When producing these Materials, the United States will clearly mark the specific items which will be subject to the Protective Order.

2.     Defense counsel shall not copy or reproduce the Materials unless copied or reproduced for the express use by Authorized Individual(s) who may be assisting in the defense, and in that event, the copies or reproductions should be treated in the same manner as the original Materials.  Defense counsel shall maintain a log of any and all copies or reproductions made of said Materials and to whom they were distributed.

3.     Although defense counsel may permit his client **ELIAS WEST** to review said Materials in a pre-trial detention facility under the defense counsel's personal observation and supervision, **ELIAS WEST** may not remove from his counsel or retain the Materials, or copies or reproductions of the Materials, regardless of format, including, but not limited, personal notes reflecting content of the Materials.

4.     Defense counsel and **ELIAS WEST** are only authorized to use the Materials solely for the preparation of the defense in this case and for no other purpose.

5.     At the conclusion of this case, defense counsel shall return all the Materials and copies or reproductions and log sheets thereof forthwith to the United States Attorney's Office.

6.     Defense counsel shall inform his client **ELIAS WEST** of these restrictions placed on said Materials and ensure that he not disclose or use any information contained in the Materials in violation of this Protective Order.  However, nothing contained in the Protective Order will preclude any party from applying to the Court for further relief or for modification of any provision hereof.

_____
DATE

_____
JUDGE MICHAEL J. NEWMAN
UNITED STATES DISTRICT COURT